In the Matter of the Estate of JOSEPH KOLODZIEJ, Deceased.

Surrogate's Court, New York County, October 3, 1934.

*Leo H. Schoen*, for the executor.

*Blum & Jolles*, for Consul General of the Republic of Poland.

DELEHANTY, S.  In this probate proceeding the petition discloses that deceased died a resident of New York county leaving as his heirs and next of kin two brothers and a sister, all resident in foreign countries.  A brother and a sister resident in Canada have waived citation by instrument duly executed in conformity with the requirements of practice in this court.  The other brother of deceased is a resident of Poland.  The Consul General of the Republic of Poland for this district has caused to be filed a notice of appearance in his behalf by counsel and thereby asserts representation on behalf of the brother last referred to.  In the probate proceeding the Consul undertakes to consent on behalf of this brother that the will be admitted to probate.  The will by its terms gives substantially all of the property to such brother.

The question for determination is whether the Polish Consul has the right so to appear prior to the issuance to the next of kin resident in Poland of a citation requiring him to attend and show cause why the propounded instrument should not be admitted as a will.  By treaty proclaimed by the President of the United States July 10, 1933, the United States of America and the Republic of Poland among other things provided for the right of the Consul to take custody of the effects of a Polish citizen for the purpose of their preservation, for the right to apply for appointment as administrator, for the right to enforce claims under compensation laws, for the right to receive distributive shares of Polish citizens in estate proceedings, and for the right to appear in probate matters. (Arts. XXII, XXIII and XXIV.)

The Polish Consul relies here upon the terms of article XXIV as constituting him attorney-in-fact for the brother resident in Poland; and hence entitling him to act without prior issuance of citation.  The article in question says:

" ARTICLE XXIV.

" A consular officer of either High Contracting Party shall, within his district, have the right to appear personally or by delegate in all matters concerning the administration and distribution of the estate of a deceased person under the jurisdiction of the local authorities for all such heirs or legatees in said estate, either minors or adults, as may be non-residents and nationals of the country represented by the said consular officer with the same effect as if he held their power of attorney to represent them unless such heirs or legatees themselves have appeared either in person or by duly authorized representative."

The final phrase in the quoted article gives the key to the proper interpretation of the treaty provisions referred to.  That final

phrase is a limitation upon the consul's right of appearance. It gives him that right "unless such heirs or legatees themselves have appeared either in person or by duly authorized representative."

The treaty, therefore, contemplates that the alien resident shall have notice and an opportunity to select his own representative before there attaches the right of the Consul to act in his behalf. No notice has reached this Polish citizen. Under the terms of our statute governing the administration of estates a citation must issue to this Polish citizen fixing a return date not earlier than thirty days from its service. (Surr. Ct. Act, § 59.) If on the return day of that citation no appearance is filed by the alien in person or through attorney duly authorized in conformity with the requirements of our statute (Surr. Ct. Act, §§ 41, 63), the Consul may under the treaty appear. Not until then does his right of appearance become effective.

The decision here made is predicated upon the text of the treaty upon which the Consul relies. Reference should be made to the discussion by CARDOZO, J., in *Matter of D'Adamo* (212 N. Y. 214, at p. 227) where citation is given to declarations of the Secretaries of State of the United States to the effect that the Federal government has no power by treaty to limit the individual States in the administration of the property of those dying within their territorial limits.

The proceedings for probate are defective. Consideration of the validity of the propounded paper will be deferred until jurisdiction in conformity with the foregoing opinion has been obtained upon the non-resident alien brother of deceased. Proceed accordingly.